STATE, *ex rel.* ALLIED ENGINEERING CORPORATION, v. WILSON M. BAILEY, as Chairman, and Calvin Stephens, *et al.,* as Board of County Commissioners, Calhoun County, *et al.*

188 So. 338.

Division A.

Opinion Filed April 25, 1939.

*W. L. Hill, Hampton, Bull & Crom* and *Carter & Pierce,* for Relators;

*Marion B. Knight,* for Respondents.

PER CURIAM.—This cause is before us on motion to quash alternative writ of mandamus, the command of which is that

"You, Wilson M. Bailey, as Chairman, and C. Alvin Stephens, C. W. Shelton, J. R. Mayo and J. A. Daniels, as members of and constituting the Board of County Commissioners of said County to forthwith convene and approve or disapprove said claims of Relator, Allied Engineering Corporation against Calhoun County, Florida, to-wit:

"(a)   Claim of $83,593.36 with credit · of $62,500.00 leaving balance due of $21,093.36 for engineering service rendered Calhoun County, Florida, by Relator under contract between Relator and said county, dated December 22, 1934,

"(b)   Claim of Relator against Calhoun County, Florida, under said contract for $10,200.00 for extra engineering services and inspection services under construction contract No. 1 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company, 240 days at $43.00 per day;

"(c)   Claim of Relator against Calhoun County, Florida, under its contract aforesaid with said county; for $2,064.00 for extra engineering services and inspection services relating to construction contracts Nos. 1 and 2 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company 48 days at $43.00 per day;

"(d)   Claim of Relator against Calhoun County, Florida, under its contract with said county under construction contract No. 2 between Calhoun County, Florida, and Wisconsin Bridge & Iron Company 65 days extra work at $27.00 per day. amounting to $1,755.00 or show cause before the Supreme Court of Florida, at Tallahassee, on April 4th, 1939, at 9:30 o'clock A. M., why they fail or refuse so to do; and the respondents J. A. Peacock is hereby ordered to audit said claims, or show cause at the same time why he fails or refuses ·so to do."

The pertinent allegations of the Writ are:

"3. That on the 22nd day of November, 1934, the Board of County Commissioners acting for Calhoun County, Florida, entered into a contract with the Allied Engineering Corporation, for the performance of certain engineering work, as shown in and by said contract pertaining to the construction of a certain bridge over the Apalachicola River between Blountstown, Calhoun County, Florida, and Bristol, Liberty County, Florida, under authority of Chapter 16344, Acts of Florida of 1933, which said contract was adopted pursuant to a resolution dated the 22nd day of December, 1934, which is shown by copy of said resolution hereto attached and made a part hereof, together with said contract, and marked Exhibit 'A.'

"4. That thereafter Relator, Allied Engineering Corporation performed the services described in said contract and resolution, marked Exhibit 'A,' completed the service in full, which said service was duly accepted by Calhoun County, as shown by resolution of the Board of County Commissioners for Calhoun County, dated December 12, 1938, copy of which is hereto attached, marked Exhibit 'B' and made a part hereof, together with invoice or statement of account, which is attached hereto and made a part hereof, marked Exhibit 'C,' whereby there is due and owing to said Allied Engineering Corporation the sum of $21,093.36.

"5. Relator further shows unto the Court that pursuant to the terms of the contract and resolution marked Exhibit 'A,' Article 3 entitled 'Extra Services,' the Board of County Commissioners of Calhoun County, by Resolution dated November 8, 1937, extended the performance of the construction contract, referred to as Contract No. 1, for 240 consecutive calendar days, a copy of which said

resolution is hereto attached as a part hereof, marked Exhibit 'D.'

"6. That further pursuant to the provisions of the contract marked Exhibit 'A,' the Board of County Commissioners of Calhoun County fixed the value of the services to be performed by the relator for said extra work at $43.00 per calendar day under construction contract No. 1, and at the rate of $27.00 per calendar day under construction contract No. 2, a copy of which said resolution is hereto attached as a part hereof, marked Exhibit 'E,' and thereby the said Calhoun County became liable to the relator in the sum of $10,320.00, as shown by invoice hereto attached as a part hereof, marked Exhibit 'F.'

"7. Relator further shows unto the Court that pursuant to the construction contract between Calhoun County and Wisconsin Bridge & Iron Company, a Corporation, and the supplemental resolutions thereto, construction contract No. 1 was required to be finished August 31, 1938, but said work was not completed until October 18, 1938, making forty-eight calendar days extra work performed by the Relator at $43.00 per day, making a total of $2,064.00; that likewise under construction contract No. 2 between the same parties, the work was to be completed by August 13, 1938, but said work was not completed until October 17, 1938, making a total of sixty-five calendar days extra work performed by the relator, at $27.00 per day, by which said Calhoun County became indebted to relator in the sum of $1,755.00 both of said items for extra work being provided for in the resolution heretofore attached and marked Exhibit 'E,' said extra work being set up in invoice hereto attached as a part hereof and marked Exhibit 'G.'

"8. Relator would further show unto the Court that the total amount of indebtedness owing to relator by Calhoun County, Florida, for the balance due for engineering

services pursuant to the contract hereinbefore mentioned, is $83,583.36, upon which amount there has been paid by said Calhoun County the sum of $62,500.00 leaving a balance due relator of $21,083.36; that further pursuant to said contract hereinbefore referred to, for extra engineering services and inspection services under construction contract No. 1, 240 days at $43.00 per day, there is due relator the sum of $10,320.00; that further pursuant to said contract for extra engineering and inspection services under construction contracts No. 1 and No. 2, for 48 calendar days at $43.00 per day, $2,064.00 is due relator on construction contract No. 1, and on construction contract No. 2, 65 days at $27.00 per day, $1,755.00 is due relator, making a grand total owing to relator of the sum of $35,-232.36, as shown by invoice hereto attached as a part hereof, marked Exhibit 'J.'

"9. That on or about December 10, 1938, relator filed with and presented each of his aforesaid claims to· the Board of County Commissioners of said County, which Board of County Commissioners completed their terms of office on January 3, 1939, without having audited and approved said claims, and was succeeded in office by the respondents, Wilson M. Bailey as Chairman, and C. Alvin Stephens, C. W. Shelton, J. R. Mayo and J. A. Daniels, as members of and constituting the Board of County Commissioners of said County, and said persons at all times since said date have been the duly qualified and acting Board of County Commissioners of said County. That upon the filing and presentation of said claims with the Board of County Commissioners of said County, it then and there became the duty of said Board to approve said claims, or disapprove said claims. It also became the duty of the respondent J. A. Peacock as Clerk of the Circuit Court of said County and ex officio Clerk and Auditor of said

Board, to audit said claims which duty the said persons wholly failed to perform. Upon failure of the then Board of County Commissioners to perform said duty it became the duty of the new Board of County Commissioners of said County, who are among the respondents, to approve the said Claims, and it also became the duty of the respondent J. A. Peacock as Clerk of the Circuit Court of said County and ex officio Clerk and Auditor of the said Board, to audit said claims. But the respondents have each wholly failed to perform said duties respectively."

The allegations of the Writ are sufficient to show a clear duty resting on respondents to perform the commands of the alternative writ and, therefore, the motion to quash is denied.

Unless respondents file sufficient return herein within fifteen days from the date of the filing of this order, peremptory writ will be awarded.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687 Complied General Laws of 1927 and Rule 21-A of the Rules of this Court.